[Sac. No. 571.   Department One.—July 20, 1900.]

CHARLES SHIVELY, Appellant, v. EUREKA TELLURIUM GOLD MINING COMPANY, Defendant.   Mrs. B. C. NORTHRUPP, Intervenor, Respondent.

ACTION AGAINST CORPORATION—INTEREST OF PRESIDENT AND DIRECTORS—ADMISSIONS OF ANSWER—INTERVENTION BY STOCKHOLDER.—In an action brought against a corporation by an assignee for the use of the president and two directors thereof, constituting a majority of the board, in which the answer of the corporation admits all the causes of action alleged, a stockholder may intervene to assert the rights of the corporation against the plaintiff, and need not aver a request to the corporation officers to defend the action.

ID.—COUNTERCLAIM FOR UNPAID ASSESSMENTS—ADMISSIONS OF CORPORATION—INSUFFICIENT PLEADING AND FINDINGS.—Under a counterclaim in the complaint in intervention for indebtedness of the plaintiff's assignors to the corporation for unpaid assessments on stock held by them, the admissions made in the answer of the corporation cannot sustain a finding against the plaintiff, where there was no evidence of the assessment found; and where there is no allegation or finding of the facts necessary under the provisions of the Civil Code to create a personal liability on the stockholders for the alleged assessment, the counterclaim cannot be sustained.

ID.—AVERMENTS OF FRAUDULENT CONSPIRACY—ABSENCE OF FINDINGS.—Where the complaint in intervention makes averments that the

suit was brought for the use and benefit of the president and two directors of the corporation defendant, and that the claims sued upon were concocted in pursuance of a conspiracy to defraud the company of its mine and mining property, in the absence of findings disposing of the issues thus tendered, judgment cannot be rendered for the plaintiff upon the findings made in his favor.

APPEAL from a judgment of the Superior Court of Shasta County and from an order denying a new trial. John F. Ellison, Judge presiding.

The facts are stated in the opinion.

Isaacs & Tillotson, and Charles A. Garter, for Appellant.

Reddy, Campbell & Metson, and Ira D. Orton, for Intervenor, Respondent.

Dozier & Herzinger, for the Corporation, Defendant.

SMITH, C.—Appeal from a judgment against the plaintiff and from an order denying a new trial.

The suit was brought to recover various sums of money, set up in as many counts of the complaint, and aggregating twenty-eight thousand five hundred and twenty-eight dollars and forty-four cents. One of these counts was for a small amount alleged to be due on a promissory note made by the defendant corporation to the plaintiff; the others, for various claims against the company assigned to plaintiff by Ludlum, one of its directors. Of the assigned claims some were for claims originally held by Ludlum, others for claims assigned to him—one by one Reid for a small amount, another by Jones, a director of the company, and the others by Swezey, also a director.

These claims were all expressly admitted in the answer of the defendant corporation, but disputed by the intervenor, by whom it is in effect alleged that the suit was brought for the use and benefit of Ludlum, Swezey, and Jones, and that the claims sued upon were concocted by them in pursuance of a conspiracy to defraud the company of its mine and mining property. And it was further alleged by the intervenor—by way of counterclaim in favor of the defendant—that Ludlum and Swezey, prior to the assignments of their respective claims

against the company, became indebted to the company each in the sum of twenty thousand nine hundred and eighty-seven dollars, on account of assessments levied on stock held by them. The intervenor's interest in the controversy—as appears from the allegations of the complaint—was simply that of a stockholder.

The court found for the plaintiff on each of the causes of action set up in the complaint, except the fourth, on which the finding was against the plaintiff, and the sixth, where the claim was reduced from five thousand eight hundred and fifty dollars to two thousand two hundred and sixty-four dollars; the aggregate amount thus found for the plaintiff being fifteen thousand nine hundred and sixty-nine dollars and ten cents.

But the court also found upon the issues raised by the counterclaim that Ludlum and Swezey, prior to their respective assignments, were indebted to the company on account of assessments on stock held by them, each in the sum of twenty thousand dollars; and, as conclusion of law, that the intervenor was entitled to judgment that plaintiff take nothing by his action, and for costs.

It is claimed on behalf of appellant that it appears affirmatively from the findings that there was no indebtedness from Ludlum and Swezey to the company on account of the counterclaim alleged and found, and hence that he is entitled to judgment on the findings for the amount found to be due to his assignors; or, failing this, that he is at least entitled to a new trial on account of the insufficiency of the evidence to justify the findings as to counterclaim, and of those findings to sustain the judgment; and also because the intervenor was not entitled to intervene.

On the last point the case presented by the complaint in intervention—disregarding the allegations as to fraudulent conspiracy—is that of a suit brought against the corporation defendant for the use of the president and two directors, constituting a majority of the board, and in which the plaintiff's causes of action were all admitted in the answer. In such a case there can be no doubt of the right of a stockholder to intervene; nor was it necessary to allege a request to the corporation officers to defend. (*Whitehead v. Sweet,* 126 Cal. 73, and authorities cited.)

With regard to the finding as to counterclaim there was no evidence of the assessment found. This is in effect admitted by the respondent's counsel, who rely exclusively on the admissions of the defendant's answer, which was verified by Ludlum. But this cannot be regarded as evidence against the plaintiff. It is also clear that neither the allegations of the complaint in intervention or of the findings are sufficient to show a personal indebtedness of Ludlum and Swezey on account of the alleged assessment. All that is alleged or found on this point is, in effect, that at all the times mentioned in the complaint Ludlum and Swezey were each the owner of over eighty thousand shares of the stock of the company, and that on the fifth day of April an assessment of twenty-five cents per share was levied on the stock of the corporation, payable on or before May 8, 1895; that neither paid his assessment, amounting to over twenty thousand dollars; and that at and prior to the assignment to the plaintiff each "was indebted to the corporation defendant in the sum of twenty thousand dollars upon and on account of the assessment so levied as aforesaid, and no part of which has been paid." There is no allegation or finding of any of the facts necessary, under the provisions of the Civil Code, to create a personal liability on the stockholders. (Civ. Code, secs. 331-39, 349; *San Bernardino Inv. Co. v. Merrill,* 108 Cal. 490; *Pacific Fruit Co. v. Coon,* 107 Cal. 447.)

The findings, however, would not justify a judgment for the plaintiff. A fraudulent conspiracy is alleged in the complaint in intervention, and, in the absence of findings disposing of these issues, we would not be justified in rendering judgment for the plaintiff.

We therefore advise that the judgment and order denying a new trial be reversed.

Haynes, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the judgment and order denying a new trial are reversed.

Harrison, J., Van Dyke, J., Garoutte, J.

Hearing in Bank denied.