[S. F. No. 12596. In Bank.—September 30, 1929.]

HERMAN C. EGGERS et al., Plaintiffs and Respondents, v. NATIONAL RADIO COMPANY (a Corporation), Defendant and Respondent; ALMA ANFINGER et al., Appellants.

. Geo. M. Naus, Eugene F. Conlin and Grant & Zimbars for Appellants.

James H. Boyer, Milton Shepardson, R. M. F. Soto and J. Clark Benson for Respondents.

WASTE, C. J.—This action, commenced by five stockholders of the defendant National Radio Company, an Arizona corporation, on behalf of themselves and all other persons similarly situated, terminated in the court below with the entry of a judgment, as prayed in the complaint, decreeing illegal each and every certificate of stock issued by the corporate defendant, and all assessments theretofore levied thereon to be void, appointing a receiver to take possession of all the books and records of the corporation, and decreeing, further, that certain real property situate in the city and county of San Francisco is the property of the holders of such void certificates of stock, the corporation defendant merely holding the naked record title thereto in trust for such persons. On May 31, 1924, a new trial was granted on motion of the defendant corporation.

A subsequent change in the personnel of the board of directors of the corporate defendant was followed by a substitution of attorneys representing that defendant, and the substituted attorneys, purporting to act for and on behalf of the corporation, stipulated with plaintiffs' counsel that the order granting a new trial might be vacated and set aside. Acting on this stipulation, the trial court, on September 29, 1924, approximately four months after granting a new trial, vacated and set aside its previous order. Thereupon the appellants, representing some two hundred and ninety-two persons claiming to hold a majority of the stock

of the defendant corporation, appeared by counsel and moved the court for an order setting aside the order vacating the order for a new trial, and setting the cause at large and at issue upon the pleadings, and reinstating the cause for a new trial. They also sought an order allowing them to intervene and to assume charge of the defense of said action on behalf of the corporation. After a hearing, the trial court, on April 13, 1925, set aside the order vacating the order granting a new trial, but denied the motion to reinstate the cause for a new trial. The motion to intervene was heard and denied on the same day, and another motion for permission to intervene, made on April 14th, was likewise denied on April 27th. On May 7th, following, a new judgment in terms of the former judgment was entered, as stipulated, in favor of the plaintiffs, and counsel for the corporation thereafter filed a further stipulation waiving its right of appeal therefrom. The appellants thereupon gave notice of appeal from the judgment, from the order denying their motion to reinstate the cause for a new trial, from the order denying their application to intervene, and from the order directing the entry of the former judgment. By stipulation, the several appeals have been consolidated and are presented upon one transcript.

Appellants, among other things, now claim that the mere recital of the facts shows that there was complete harmony between said five stockholders, plaintiffs and the directors; hence the stipulation to enter judgment as prayed for in the complaint, ordering sale of the corporate assets, and in effect dissolving the corporation, with distribution of the proceeds among stockholders only after payment of a large attorney's fee. In other words, they contend that the proffered complaint in intervention alleged collusion between plaintiffs and defendant corporation, supported by the apparent fact that the corporation made no defense, and even after the trial court set aside the judgment and granted a new trial the corporate attorneys stipulated, upon authority of its directors, that this action be set aside and said new judgment, in terms of the old, be entered upon the findings made in favor of the plaintiffs, and waived the corporation's right of appeal. The situation, then, is this: After the order of September 29, 1924, was set aside, and the case was again at large, the stockholders, other than the

plaintiffs, were endeavoring to put themselves in position to protect their rights, which were vitally affected by the litigation. The granting of the new trial had inured to their benefit, and they had the right to believe that the trial court would not deprive them of the advantage thus gained. After they had asserted their rights, the trial court attempted to further deprive appellants of them by re-entering the judgment which had been previously set aside when the motion for a new trial was granted. They were aggrieved by this action of the court, and we think they are entitled to appeal from the judgment.

Respondents argue that, assuming the appellants had a right to intervene, their application not having been interposed before trial (Code Civ. Proc., sec. 387), was made too late. It necessarily follows, however, from the granting of the motion for a new trial, that when the appellants appeared in the court below and, among other things, moved the court for permission to file a complaint in intervention, the cause was at issue and ready for a retrial, and the application was timely. In *Paine* v. *Copper Belle Mining Co.*, 13 Ariz. 406 [114 Pac. 964, 965], where there existed a statute similar in effect to our section 387, *supra*, requiring applications in intervention to be made "before trial," the court declared that "Upon the judgment being vacated and a new trial ordered, applications to intervene are to be determined by the same rules as if no judgment had been theretofore rendered."

This brings us to a consideration of the reasons advanced by the appellants in support of their application for leave to intervene. Among other things, the proffered complaint in intervention avers that certain named persons, constituting a majority of the board of directors of the defendant corporation, had procured their appointment as such directors in order that they might cause a substitution of attorneys for the corporation in this action and thus procure the restoration of the judgment theretofore entered in favor of the plaintiffs, but set aside by the order granting the corporation's motion for a new trial; that in so conducting themselves, said majority members of the board of directors were acting in furtherance and consummation of a conspiracy with plaintiffs' counsel looking to "the destruction of said defendant corporation and the sale and distribution

of the assets thereof among certain of the stockholders, without the consent or agreement of the stockholders of said corporation to such dissolution and destruction and distribution of the assets." It is also alleged that the plaintiffs own less than one per cent of the outstanding capital stock of the corporation, and that "it would be useless and of no avail for these interveners . . . to apply to or make demand upon the board of directors of said defendant National Radio Company or upon its attorneys of record in the above-entitled cause to make defense to the claims of these plaintiffs," for they are "endeavoring to wind up the affairs of the corporation and dispose of all of the assets of said corporation and sell the same and upon such sale to distribute the proceeds to so·many of the stockholders of said defendant and no more as can succeed in tracing their money as aforesaid, . . . "

It is the settled rule, as contended by the respondents, that "a corporation represents and binds its stockholders in all matters within the limits of its corporate powers when acting in good faith and without fraud upon their rights. So long as the corporation is willing to perform its duty toward stockholders by instituting and conducting in good faith the necessary legal proceedings the stockholders have no cause for complaint; with the right of the corporation to sue and be sued concerning corporate rights or liabilities the stockholders cannot interfere, except when the governing directors or trustees refuse to act or are guilty of fraud in the maintenance or defense of an action." (*Difani* v. *Riverside Oil Co.*, 201 Cal. 210, 215 [256 Pac. 210, 212, 213].) However, "where a corporation refuses to defend an action, or, having begun a defense, it is made to appear that the corporation will not press it in good faith, a stockholder may, upon a proper application showing the facts, be allowed to become a party and defend on behalf of the corporation, but he must show that he cannot induce those in control to do that which is fair and right." (*Difani* v. *Riverside Oil Co.*, *supra;* *Favorite* v. *Superior Court*, 181 Cal. 261 [8 A. L. R. 290, 184 Pac. 15].) The requirement that a demand must first be made upon the board of directors to defend, or continue the defense, of an action pending against a corporation is not a necessary prerequisite to an intervention by the

stockholders where, as here, the facts alleged in the complaint in intervention are such as to render such a request useless. (*Wickersham* v. *Crittenden*, 106 Cal. 329, 331 [39 Pac. 603]; *Ashton* v. *Dashaway Assn.*, 84 Cal. 61, 69, 70 [7 L. R. A. 809, 22 Pac. 660, 23 Pac. 1091]; *Whitehead* v. *Sweet*, 126 Cal. 67, 73 [58 Pac. 376]; *Shively* v. *Eureka Min. Co.*, 129 Cal. 293, 295 [61 Pac. 939, 940].)

The peculiar nature of this action and the failure of the corporation defendant to defend against it, after having secured an order granting a new trial, together with the showing made upon the hearing of the motion for leave to intervene, are such, in our opinion, as to make this a proper case for an intervention by those stockholders opposed to the passive stand of the governing body of the corporate entity. Moreover, at least two of the three members of the board of directors charged by the appellants with having conspired with plaintiffs' counsel to secure a judgment favorable to the plaintiffs, are stockholders of the corporation, and have paid their proportionate part of all assessments levied. A judgment for the plaintiffs would, therefore, redound as well to their benefit. In such case, and particularly when the corporation neglects and fails to defend against the plaintiffs' claim, "there can be no doubt of the right of a stockholder to intervene." (*Shively* v. *Eureka Min. Co., supra.*) It would be a reproach to the law if the stockholders in such a case as this were remediless. In *Morrill* v. *Little Falls Mfg. Co.*, 46 Minn. 260, 266 [48 N. W. 1124, 1126], it is stated that "The right of a stockholder to take means to preserve the corporate property, to prevent its loss to the corporation, or the impairment of its value" proceeds "upon the principle that whatever is or may be inimical or injurious to the corporation is or may be an injury to the stockholder, and he is therefore entitled to equitable relief." The appellant stockholders are unquestionably "aggrieved" by the judgment entered herein against the corporation and, as parties to the record, they may properly appeal therefrom. (*Coburn* v. *Smart*, 53 Cal. 742, 745.)

The judgment and several orders appealed from are, and each is, reversed.

Richards, J., Curtis, J., Preston, J., Langdon, J., and Seawell, J., concurred.