[L. A. No. 16470. In Bank.—July 17, 1940.]

JACKSON HAYES, Appellant, v. JAMES W. PIERCE, Administrator, etc., et al., Respondents.

[L. A. No. 16609. In Bank.—July 17, 1940.]

HOME OWNERS' LOAN CORPORATION (a Corporation), Plaintiff and Respondent, v. JAMES W. PIERCE, Administrator, etc., et al., Defendants and Respondents; JACKSON HAYES, Appellant.

Jackson Hayes, *in pro. per.*, and J. D. Sutherland for Appellant.

James W. Pierce and Kathryn Ferguson, *in pro. per.*, and Ewell D. Moore, Bruce Renwick and Jerome Tucker Stewart for Respondents.

THE COURT.—These are companion cases which were consolidated for hearing before this court.

L. A. No. 16470: In this cause plaintiff has appealed from an order denying his motion to vacate two orders, one an order setting aside a default judgment and the other an order setting the cause for trial.

An action for rescission of a contract to purchase real property and for other relief, was filed by plaintiff in 1935 against Walter O. Ferguson and Kathryn M. Ferguson, his wife. On January 7, 1936, a default judgment in the sum of $813.05 and costs was entered in plaintiff's favor. The facts which led to the entry of this judgment are stated in *Hayes* v. *Pierce,* 18 Cal. App. (2d) 531 [64 Pac. (2d) 728]. On March 16, 1936, the property was sold by the sheriff to plaintiff for $300, and a $558.25 deficiency judgment was docketed.

On April 9, 1936, defendants moved to vacate the default. The court ordered the motion granted on condition that they pay plaintiff the sum of $27.50 within ten days, the motion otherwise to be denied. Defendants tendered the $27.50 to plaintiff, but the tender was refused, and on May 15th, the court made an order vacating the default. Plaintiff appealed from both the conditional order of April 9th and the final order of May 15th. The District Court of Appeal held that the appeal from the conditional order would have to be dismissed as that order was non-appealable, although it might be reviewed on the appeal from the final order, and it affirmed the final order. (*Hayes* v. *Pierce, supra.*)

Following this decision defendant Kathryn Ferguson moved that the cause be set for early trial. Her affidavit in support of the motion averred that her co-defendant husband had died (James W. Pierce, administrator, being substituted as party defendant in his place), and that Home Owners' Loan Corporation, which held a first lien on the property, was threatening foreclosure. On April 16, 1937, the motion was granted and the cause set for trial May 3d.

Plaintiff endeavored to delay and obstruct the trial on the merits. On the morning of April 16, 1937, the day the motion last mentioned was granted, he filed a new superior court action, numbered 414611, against Pierce, administrator, and Kathryn M. Ferguson, concerning the same subject-matter, and claimed that trial of the present cause should not be had during its pendency. On April 27th he gave notice that on April 30th he would move to vacate both the order of May 15, 1936, setting aside the default judgment, and the order of April 16, 1937, setting the cause for trial. As ground for this motion he contended that defendants waived their right to have the default vacated by failing to renew the tender of the sum of $27.50 after the affirmance of the order of May 15, 1916; also that he intended to file a claim against the Walter O. Ferguson estate, and was entitled to time to establish it prior to trial of the cause. On April 30th the motion was heard and denied. The present appeal is from the order of denial.

▮ The first contention made by appellant is that defendants were not entitled to the benefit of the order of May 15, 1936, setting aside the default judgment, and were not entitled to have the cause set for trial, because they failed to

either pay or renew tender of the sum of $27.50, as required by the conditional order of April 9, 1936. This claim is answered by the opinion rendered on the prior appeal, which sets forth facts which were held to constitute a sufficient compliance with the conditional order of April 9th, and to justify affirmance of the final order of May 15th setting aside the default. (*Hayes* v. *Pierce*, *supra*.) Moreover, it appears that the cashier's check for $27.50 which defendants tendered to appellant was finally deposited in the file of this cause in possession of the clerk of the court. There is no showing that appellant ever made any demand for it, although defendants state that he was advised in open court of the method which he might pursue in order to recover it.

Appellant's other contention is that the setting of the cause for trial on May 3d deprived him of the time to which he was entitled to establish and perfect his claim against the estate of Walter O. Ferguson, deceased, and to file supplemental pleadings herein with respect thereto. The claim was for the deficiency judgment of $558.25, with interest, entered after proceedings had on the default judgment, together with an alternative demand based upon rights alleged in the amended complaint herein and contingent upon final failure of reinstatement of the default judgment. It was filed by appellant on April 29th, at which time he knew that the cause had been set for trial on May 3d. On May 1st he wrote defendants that he would not appear at the trial for two reasons, first, because he did not recognize any right to trial on the merits, and second, because he had already filed the present appeal from the order denying his motion to vacate the order setting the cause. Neither reason concerned the status of the claim. When the cause was called on May 3d appellant did not appear and the trial proceeded without him. On the following day his claim was rejected on the ground that nothing was due him, and that the matter had been adjudicated the previous day. On May 7th a judgment was entered for defendants. Appellant moved to vacate this judgment but his motion was denied on July 3, 1937.

Appellant was not prejudiced by the calling of the cause. He could have appeared, apprised the court of the facts with respect to the status of his claim, and asked either for a continuance or for permission to file an amended pleading. He

did none of these things, but simply stayed away for other reasons. Hence the trial proceeded and judgment was entered for defendants. These facts fail to show wherein appellant has been injured, and they afford no basis for granting him relief in this proceeding.

The order here appealed from must be affirmed.

L. A. No. 16609: Events subsequent to those above related form the background of this proceeding. It appears that on June 16, 1937, Home Owners' Loan Corporation filed an action to foreclose its mortgage against the real property in question. It named as parties defendant the parties to cause L. A. No. 16470, i. e., Hayes, Pierce, administrator, and Kathryn M. Ferguson. Hayes filed a cross-complaint setting forth a complete chronological statement of the facts and proceedings which culminated in the trial of cause L. A. No. 16470, entry of judgment against him on May 7th, and denial of his motion to vacate that judgment. In addition he alleged the pendency of his above appeal in L. A. No. 16470, and also of his superior court action No. 414611, and of his claim in the proceeding for probate of the Walter O. Ferguson estate. He asserted that the court was without jurisdiction to hold the trial of May 3, 1937, and again set up his demand for $27.50. He prayed, among other things, for the same relief sought by his appeal in L. A. No. 16470, for setting aside of the judgment of May 7, 1937, for consolidation of action No. 414611 with the cause alleged in the cross-complaint, and for postponement of the Home Owners' Loan Corporation foreclosure until after determination of the appeal in L. A. No. 16470, and of action No. 414611.

On August 20, 1937, cross-defendant Pierce, administrator, moved to strike the cross-complaint, and the motion was granted. Hayes, the cross-complainant, appealed.

■ The cross-complaint was properly stricken. It stated no cause of action against Home Owners' Loan Corporation and raised no issue as to the validity or priority of the mortgage. It merely re-alleged the matters arising out of the dispute between appellant and his vendors Ferguson, already the subject of litigation in cause L. A. No. 16470, superior court action No. 414611, and the Ferguson estate probate proceeding, and it prayed that the Home Owners' Loan Corporation foreclosure be postponed until after determination of these

matters. The trial court properly concluded that this showing was not sufficient to justify a postponement.

Admittedly the obligation to Home Owners' Loan Corporation antedated the purported purchase by appellant of the property, and any interest which he might have acquired was subject to the lien. Appellant had the right to protect his interest by curing the defaults and delinquencies which led to the filing of the foreclosure action, but he failed to do so. In fact, he vacated the property and brought action L. A. No. 16470, for rescission of his contract of purchase. Meanwhile Home Owners' Loan Corporation was obliged to expend money for the payment of taxes, assessments, and fire insurance on the property in order to protect its security. Under these circumstances appellant was in no position to urge that he was entitled to a postponement of the foreclosure.

When the foreclosure action was called for trial on October 1, 1937, the court permitted the trial to proceed over appellant's objection and despite his filing of the present appeal from the order striking his cross-complaint. Judgment was rendered in favor of Home Owners' Loan Corporation and against Pierce, administrator, and Kathryn N. Ferguson, in the sum of $4,714.75, and costs, and sale of the property was ordered. The foreclosure sale was held on November 29, 1937, and the property purchased by the Home Owners' Loan Corporation for the full amount of the indebtedness due as of that date. A commissioner's deed was executed to it on December 9, 1938.

Appellant contends that his appeal from the order striking his cross-complaint divested the court of jurisdiction to hear and determine the issues raised by the complaint and answer, and rendered void the judgment of foreclosure and all subsequent proceedings. The contention is without merit. The court had power to determine as a matter of procedure whether it should try the issues raised by the complaint and answer, and leave the issues formed by the cross-complaint to be determined later, or to await the action of a reviewing court to determine whether or not the cross-complaint was well founded, before proceeding with the trial. (*Klement* v. *Superior Court,* 21 Cal. App. (2d) 456 [69 Pac. (2d) 869].) In deciding that the trial should proceed, despite the pendency of appellant's appeal, the court exercised a wise discretion.

This is particularly apparent in view of the determination made by this court of the appeal in L. A. No. 16470.

The orders appealed from are affirmed.

Rehearing denied.