[Civ. No. 12909. Second Dist., Div. Three. Feb. 26, 1942.]

M. J. THORMAN, Plaintiff and Respondent, v. DOME PRODUCING AND DEVELOPING COMPANY, LTD. (a Corporation), Defendant and Respondent; GUY E. COOPER, Intervener and Appellant.

Dudley Robinson for Appellant.

Loughman & Loughman for Plaintiff and Respondent.

Charles F. Gerard for Defendant and Respondent.

SHINN, J.—This appeal from an order refusing a stockholder the right to intervene to defend an action against a corporation, has been submitted under a stipulation waiving oral argument and the filing of a brief by respondents.

A sufficient statement of the sole question involved is found in appellant's brief, reading as follows: ''Should a stockholder be permitted to intervene as party defendant in an action against a corporation upon a promissory note payable to plaintiff, executed by plaintiff as president, and her father as secretary, of the corporation which they control, where the complaint in intervention denies that the corporation is indebted to plaintiff upon said note, and alleges that said corporation has other good and legal defenses thereto, but that its board of directors is controlled by plaintiff and her father, that it will not, in good faith, defend said action, but will commit the corporation to a judgment therein, and that it is necessary for said stockholder to intervene and make a defense on behalf of said corporation, which he desires to do?'' The answer is in the affirmative.

The action against the corporation is upon a promissory note executed by the corporation in favor of plaintiff. The proposed complaint in intervention alleged that intervener was a stockholder of the defendant corporation; that the note in question had been signed for the corporation by plaintiff as president and by her father as secretary, who, with a brother of plaintiff, constituted the entire board of directors and the owners of all of the authorized capital stock of the corporation; that shortly after the note was given, intervener made a purchase of stock of the corporation, was elected and continued to be a director and president, the other directors being plaintiff's father and brother. It was alleged that the note was given without consideration and in pursuance of a scheme to sell privately owned stock to the corporation, for resale and for the purpose of financing the corporation, in evasion and violation of the Corporate Securities Act and in violation of law, in that the scheme contemplated the illegal purchase by the corporation of portions of its own stock; that the transaction in which the note was given was never submitted to or ratified by the stockholders of the corporation and that the corporation was not indebted to plaintiff upon any account; that intervenor purchased his stock without knowledge of the existence of the note and without knowledge of the facts which led to its execution. It was further alleged that the corporation had valid defenses to the action; that plaintiff held the note for the use and benefit of her father, who dominated and controlled the action of a majority of the board, namely, himself and his son; that intervener had de-

manded of the directors that they defend the action upon the note but they refused to and would not make any bona fide defense thereto and intended to and would suffer judgment to be given against the corporation; that the property of the corporation was under attachment in the suit on the note and that it had no funds on hand or available for the payment of any judgment that might be rendered; and that intervener, if allowed to do so, would present bona fide defenses to the action.

An order to show cause was issued why leave should not be granted to file a complaint in intervention. Service of the order to show cause was made and proof of service, together with a copy of the proposed complaint in intervention, was filed. When the application for leave to intervene came on for hearing plaintiff and defendant filed both general and special demurrers thereto. These demurrers were overruled, but several days later, before the trial of the case, the court made an order denying the application for leave to intervene. We must assume that although the complaint in intervention had not actually been filed, it was treated as having been filed for the purposes of the demurrers. The case was one in which a stockholder should have been allowed to intervene for the purpose of defending the action. (*Shively* v. *Eureka etc. Mining Co.* (1900), 129 Cal. 293 [61 Pac. 939] ; *Eggers* v. *National Radio Co.* (1929), 208 Cal. 308 [281 Pac. 58].)

We should not apply rigid tests to the complaint in intervention in judging of its sufficiency. The essentials of a case for intervention were alleged and the court so ruled. Had the ruling been otherwise, appellant no doubt would have been given an opportunity to amend in order to meet the objections. We must therefore treat the pleading as sufficient as a complaint in intervention.

The order is reversed.

Schauer, P. J., and Wood (Parker), J., concurred.