[Civ. No. 26860. Second Dist., Div. One. Mar. 6, 1963.]

ERICH HAUSMANN et al., Plaintiffs and Respondents, v. FARMERS INSURANCE EXCHANGE, Intervener and Appellant.

612

Early, Maslach, Foran & Williams and Harry Boyd for Intervener and Appellant.

Louis A. Audet for Plaintiffs and Respondents.

LILLIE, J.—Leave of court having been granted ex parte, Farmers Insurance Exchange filed its complaint in intervention some three months after its insured, Mr. Hausmann, had instituted an action against the defendants Gattenio for personal injuries to himself and his family as well as property damage to his automobile. An answer to Farmers' pleading was filed by the Gattenios. The Hausmanns, however, demurred to the complaint in intervention upon the ground that no cause of action was therein stated; they also moved

to strike the proposed pleading. The demurrer was sustained without leave to amend and the motion went off calendar. Farmers has appealed from the ensuing judgement of dismissal.

This appeal follows a summary denial by this court of Farmers' petition for a writ directing the trial court to vacate its order of dismissal (No. 26468), and the denial of a hearing by the Supreme Court. Contrary to the Hausmanns' contentions, such denial of the writ does not operate as res judicata in future proceedings. (*Pease* v. *City of San Diego,* 93 Cal.App.2d 706, 712 [209 P.2d 843].) Accordingly, we shall not allude further to his point since the governing rule is now well settled.

The facts which are said to warrant intervention by Farmers are alleged in its complaint. After reference to the automobile collision in question and the defendants' claimed negligence, it is alleged that as a proximate result thereof the Hausmann car was damaged and depreciated so that the reasonable cost of repair and tow charges was $1,107.82. Prior to the above occurrences, the complaint continues, Farmers had issued its policy agreeing to indemnify Mr. Hausmann against loss or damages by collision subject to a $50 deductible provision; said policy being in full force and effect, Farmers was obligated to pay and did pay to Citroen Cars Corporation the sum of $1,057.92 for repairing the subject vehicle. The complaint concludes with the allegation that "pursuant to the aforementioned contract of insurance and by reason of said payment, plaintiff in intervention became entitled to be subrogated to all rights of said assured . . . against defendants to the extent of $1,057.92 . . ."

Although the rule at common law was otherwise, in this jurisdiction it is no longer required that an action be instituted by the real party in interest; accordingly, one claiming subrogation to a legal cause of action is now permitted to sue in his own name. (*Offer* v. *Superior Court,* 194 Cal. 114 [228 P. 11] ; *Automobile Ins. Co.* v. *Union Oil Co.,* 85 Cal. App.2d 302 [193 P.2d 48].) The same principle applies where the subrogation is only partial; "e.g., an insurer may pay only part of the loss, and both the insurer (subrogee) and the insured (subrogor) will have claims against the party liable." (2 Witkin, Cal. Procedure, p. 1034.) The textwriter further observes: "In principle the situation is identical with that resulting from a partial assignment. And the same reasoning which allows both the partial assignor and partial

assignee to sue by joining each other . . . should support an action by either the partial subrogee and partial subrogor with such joinder." (*Ibid.*, p. 1034.)

On the face of its pleading, says Farmers, it is a partial subrogee; therefore, if it had the right to join with its insured in such capacity, it certainly had the right to intervene. The governing statute reads in part as follows: "At any time before trial, any person, who has an interest in the matter in litigation, or in the success of either of the parties, or an interest against both, may intervene in the action or proceeding. An intervention takes place when a third person is permitted to become a party to an action or proceeding between other persons, either by joining the plaintiff in claiming what is sought by the complaint, or by uniting with the defendant in resisting the claims of the plaintiff, or by demanding anything adversely to both the plaintiff and the defendant. . . ." (Code Civ. Proc., § 387.) Following service of the complaint upon the attorneys for the parties who have appeared, the latter "may answer or demur to it" within a prescribed time. (Code Civ. Proc., § 387.)

 The right to intervene is not an absolute one; it is permitted when the third party shows an "interest" under existing pleadings and issues which satisfies the requirements of the statute. (*Muller* v. *Robinson,* 174 Cal.App.2d 511 [345 P.2d 25].) The "interest," it has been said, must be of such direct or immediate character that the intervener will either gain or lose by the direct legal operation and effect of the judgment. (*People* v. *City of Long Beach,* 183 Cal.App. 2d 271 [6 Cal.Rptr. 658].) If the complaint in question establishes it to be a partial subrogee, Farmers would seem to belong in the above category; and since the purposes of intervention are to protect the interests of those who may be affected by the judgment (*Voyce* v. *Superior Court,* 20 Cal.2d 479 [127 P.2d 536]), the objectives of the statute might well be satisfied by the intervention presently sought.

But the cases also hold that the "interest" which entitles a party to intervene must be in the matter in litigation in the suit as *originally* brought. (*People* v. *Brophy,* 49 Cal.App. 2d 15 [120 P.2d 946]; *Jersey Maid Milk Products Co.* v. *Brock,* 13 Cal.2d 620, 664-665 [91 P.2d 577].) Although the Hausmann action was filed on January 17, 1962, the complaint in intervention contains no allegation that on or prior to that date payment had been made to Citroen Cars Corporation pursuant to the subject contract of insurance. The

doctrine of subrogation does not contemplate that a person who has a prospective right of subrogation may require, in advance of actually being subrogated, that designated assets (which the creditor might take in satisfaction of his claim) be held in reserve for his benefit. "The general rule is that a person is not entitled to be subrogated to the rights of a creditor until the claim of the creditor has been paid." (*Sawyer* v. *Zacavich,* 178 Cal.App.2d 605, 611 [3 Cal.Rptr. 6].) When the intervener is admitted, the pleading which he presents and files must state facts sufficient, if true, to establish the right or interest which he claims, or else he has no standing in court as a litigant if proper objection is made (*Moran* v. *Bonynge,* 157 Cal. 295 [107 P. 312]); upon one seeking to intervene rests the burden of showing that his is a proper case for intervention.[1] The pleading failing to establish that Farmers was a partial subrogee when the action was originally instituted, the demurrer was properly sustained for that deficiency alone.

Farmers also contends, however, that it was error to sustain the demurrer without leave to amend. It is not an unreasonable possibility that the deficiency just mentioned can be cured by proper amendment; accordingly, we reverse and remand for that reason. In doing so, we invite consideration of the broader aspects of the problem which should control future proceedings herein.

First, it is now settled that intervention may be denied if the objectives of the statute, namely, the protection of the interests of those who may be affected by the judgment, "are outweighed by the rights of the original parties to conduct their lawsuit on their own terms." (*County of San Bernardino* v. *Harsh California Corp.,* 52 Cal.2d 341, 346 [340 P.2d 617].) In this connection it has been held that the interjection of insurance in a damage action will properly militate against intervention by a party's insurer, being a "result to be avoided if not necessitated by more weighty considerations." (*Corridan* v. *Rose,* 137 Cal.App.2d 524, 531 [290 P.2d 939].) Certainly, from the standpoint of sheer realism, it seems rather difficult to envision a case where joinder with an insurance company would be one of the "terms" gladly espoused by a plaintiff in the prosecution of his claims against a de-

---

[1] We are not persuaded by the argument of Farmers that the original party's sole remedy is by a motion to strike. The right to relief goes to the existence of a cause of action and is properly challenged by demurrer. (*Parker* v. *Bowron,* 40 Cal.2d 344, 351 [254 P.2d 6].)

fendant tortfeasor; this, despite the facts that reviewing courts have called for "a reappraisal of this insurance bugaboo." (*Causey* v. *Cornelius*, 164 Cal.App.2d 269, 275 [330 P.2d 468].)

Second, in other jurisdictions the rule appears to be that when the right of intervention is not absolute, as in California, the ultimate decision rests in the sound discretion of the court. (67 C.J.S., Parties, § 61.) Some of the matters to be considered in the exercise of such discretion, and resulting in a denial of intervention, include situations where the applicant's interests are already adequately represented in the action, or where the intervention will unduly delay or prejudice the rights of the original parties. In this latter regard, Farmers has never contended, nor alleged, that its interests would not be competently represented by the attorney for its insured; and, of course, it is not suggested that there is any collusion between the original parties which would deprive the insurance company of its share of any judgment recovered.

The following matters were not before the trial court when the demurrer was argued; upon remand, however, judicial notice can be taken thereof. There is, or was, a degree of hostility between the insured and counsel for Farmers. In Farmers' application for an alternative writ of mandate to vacate the action of the court in sustaining the demurrer, it is alleged that correspondence was exchanged in March of 1962. At that time the company wrote to plaintiffs' counsel, stating that "It is our understanding that you are including our property damage interest in your Summons and Complaint. We wish to advise you that we have not authorized you to include our interest with the injury claim and the insured's deductible. We will appreciate knowing when the injury claim is settled, in order that we may go against the other company for our amount of the property damage." Plaintiffs' attorney replied to this letter as follows: "There is nothing that we can do about amending the complaint in the above entitled matter at this time, and even if we could, we would not for the reason that your subrogation rights only give you the right to the proceeds, if any, which we might recover against the defendant. Just for orneriness, we will hold you to the proportionate share of attorneys' fees. If you have any question about this, I invite you to file a suit in declaratory relief. It is my contention that the lawsuit and the basic claims belong to my clients, Mr. and Mrs. Hausmann.

It would seem that you wish to engage in the practice of law without a license. This is a matter which we might take up with the Bar Association, if you insist.''

Again from the standpoint of sheer realism, it is no mere speculation that in the event of intervention the hostility above revealed may carry over into the trial. Such being the case, what will be the impact upon the proper and expeditious prosecution of the Hausmanns' claims? ''As a practical matter, it is normally not desirable to have two sets of counsel, representing different interests, attempting to try each other's cases.'' (*Bosch* v. *Standard Oil Co. of Calif.*, 193 Cal.App. 2d 426, 430 [14 Cal.Rptr. 247].) While, on the one hand, ''counsel for an intervener may not participate in the presentation of the main case save as counsel for plaintiff may consent or the court otherwise order'' (*Mann* v. *Superior Court*, 53 Cal.App.2d 272, 281 [127 P.2d 970]), on the other hand it has been observed that ''the intervener does not take the case entirely as he finds it'' (2 Witkin, Cal.Proc., p. 1096) ; for example, without the plaintiff's approval would the intervener have the right to disqualify the trial judge under the provisions of section 170.6, Code of Civil Procedure?

Finally, it has been represented to us that the declaratory relief suit, suggested by plaintiffs' counsel, is presently pending below. Upon remand, therefore, it well might be that the whole problem will be sufficiently clarified so that the trial court, if called upon to do so, can more intelligently exercise the discretion with which it is vested in these matters.

The judgment (denominated ''order'') is reversed with directions to allow appellant a reasonable time within which to amend if it so desires. In the interests of justice, neither party will recover costs on appeal.

Wood, P. J., and Fourt, J., concurred.