[Civ. Nos. 32162, 32934. Second Dist., Div. One. Feb. 13, 1969.]

NELS OLSON, Plaintiff and Respondent, v. BLANCHE
OLSON HOPKINS, Defendant and Respondent; MAY-
NARD BRANDSMA et al., Movants and Appellants.

Fulop, Rolston & Burns, Marvin G. Burns and Phillip Flame for Movants and Appellants.

Bernard Newman for Defendant and Respondent.

No appearance for Plaintiff and Respondent.

THOMPSON, J.—We deal here with the right of a creditor of a plaintiff to interject himself into the trial of the plaintiff's lawsuit by motion to intervene, by seeking a stay of the action pending an appeal from the denial of that motion and by motion to vacate a judgment rendered adversely to the plaintiff.

## Statement of Facts

On February 9, 1966, respondent Olson filed an action against his sister, respondent Hopkins, seeking partition of real property standing of record in their names as joint tenants. The sister answered and cross-complained alleging that the property was in fact that of a partnership consisting of the two respondents, that Olson had breached an oral agreement of partnership, and that Olson had without authority diverted and withdrawn partnership funds. The cross-complaint

alleged also that because of Olson's breach it was not practicable to continue the partnership and that Hopkins desired to continue the venture in her name and to pay Olson the value of his interest less damages alleged in the cross-complaint. The cross-complaint, in a separate count, sought damages by reason of an unrelated venture ["the Florida transaction"].

By a pretrial conference order dated May 25, 1967, the case was set for trial on September 5, 1967. On August 29, 1967, appellants moved the trial court for leave to intervene. Factual support for the motion was limited to the allegations of a proposed complaint in intervention and to the file in the main action. The proposed complaint alleged that the appellants (movants) had filed a superior court action against Olson seeking an accounting, that while Olson admitted owing appellants $4,360.28, appellants claimed in excess of $22,000, and that the action between appellants and Olson was "in the midst of trial." The proposed complaint also contained allegations on information and belief that Olson's only asset was the property which is the subject of the instant action and that Olson would be rendered insolvent if judgment were to go against him in the main case. Lastly, the proposed complaint recited the existence of a preliminary injunction, issued in the case between Olson and appellants, restraining Olson from transferring or encumbering his interest in the real property which is the subject of the instant partition action. The proposed complaint sought a declaration of rights that appellants might intervene in the action, that they had an interest in the subject property as creditors of Olson, that Olson's interest was not to be charged with sums claimed due from him by Hopkins, that Hopkins is "merely another creditor" of Olson, and for related relief.

Appellants' motion was opposed upon the basis that appellants lacked the requisite interest to intervene and that the right of intervention was not asserted within a reasonable time.

Appellants' motion was denied on August 29, 1967, and appellants filed their notice of appeal from the denial that same day. Also on August 29, appellants moved in the master calendar department of the trial court for a continuance of the trial of the action between Olson and Hopkins asserting that their notice of appeal ousted the court of jurisdiction. This motion was also overruled.

The case proceeded to trial without a jury on September 6,

1967. Olson did not appear in person but was represented by counsel. On September 7 the court announced its decision in favor of Hopkins and on September 26 signed findings of fact and conclusions of law decreeing title of the subject property to be in Hopkins, and Olson's interest to be valueless. Judgment to that effect was entered the same day.[1]

On September 29, 1967, appellants filed their notice of motion to vacate judgment upon the grounds that the court lacked jurisdiction to conduct the trial, that the findings of fact were not supported by the evidence, and that the judgment was not supported by the evidence and against the law. The notice of motion was accompanied by a declaration of appellants' counsel that on September 18, 1967, a minute order had been entered in the litigation between appellants and Olson ordering that appellants recover the sum of $16,662.51. "Proposed findings of facts and judgments" in the latter case were also attached.

On October 20, 1967, another declaration of appellants' counsel was filed in support of the motion to vacate judgment to the effect that a writ of execution had been issued and levied by appellants upon the interest of Olson in the real property which is the subject of the litigation now before this court, and that on October 19, 1967, a charging order had been issued against Olson's interest in any partnership found to exist with Hopkins. The motion to vacate judgment was denied on October 25, 1967.

There are now before us both appellants' appeal from the denial of their motion to intervene and their appeal from their motion to vacate judgment.

### Motion to Intervene

Appellants' right to intervene is governed by section 387 of the Code of Civil Procedure limiting that right to those who have "an interest" in the matter in litigation or in the success of either of the parties. "An interest" as used in this context has consistently been defined by the Supreme Court of this state in dealing with section 387 of the Code of Civil Procedure and its predecessor statute (Code Civ. Proc. § 38) as requiring an interest of a direct and immediate character greater than that possessed by a simple creditor of a party. The first such expression appears in *Horn* v. *Volcano Water*

---

[1]A money judgment was also given to Hopkins for damages with respect to Olson's excess withdrawals from the partnership and for additional damages flowing from "the Florida transaction."

*Co.* (1859) 13 Cal. 62 [73 Am.Dec. 569]. There, in denying the right of a party's creditor to intervene in litigation, the court stated: "His intervention is only an attempt of one creditor to prevent another creditor obtaining judgment against the common debtor—a proceeding which can find no support, either in principle or authority."

Appellants' position in the case before us is no different in substance than was that of the would-be intervener in *Horn*. While appellants emphasize the existence here of the preliminary injunction against Olson, that injunction did not restrain the conduct of this lawsuit nor purport to create any lien on the property which was the subject of it. Rather, it merely acted *in personam* on Olson to prevent voluntary action by him. We conclude that appellants were, at the time of the ruling upon their motion to intervene, "simple creditors" as that term is used in *Horn* v. *Volcano Water Co., supra.*

That case is controlling unless its "principle or authority" has changed in the one hundred years since the decision. We conclude that they have not. The right of a creditor of a party to intervene in his action was again considered by the Supreme Court in *Isaacs* v. *Jones* (1898) 121 Cal. 257 [53 P. 793, 1101]. There the court denied the right of intervention to a personal creditor of a partner involved in an action to liquidate the partnership and stated: "In one sense, it may be said that a creditor of the plaintiff in an action for damages may have an interest in his recovering judgment against the defendant, since thereby he may be able to recover his own debt, but such interest will not give him the right to intervene in the action."

The rule of *Horn* v. *Volcano Water Co., supra,* and *Isaacs* v. *Jones, supra,* if ancient is nonetheless vital. It has been applied to deny intervention: to the wife of a defendant claiming a potential but not actual threat to her community property interest (*Bechtel* v. *Axelrod,* 20 Cal.2d 390 [125 P.2d 836]); to a principal municipal customer of a water company which was suing other persons for a declaration of its water rights (*Allen* v. *California Water & Tel. Co.,* 31 Cal.2d 104 [187 P.2d 393]); to a contingent beneficiary of a trust seeking status to resist a divorce action between other persons in an effort to establish the illegitimacy of a prior beneficiary so as to prevent him from taking as "lawful issue" (*Bernheimer* v. *Bernheimer,* 87 Cal.App.2d 242 [196 P.2d 813]); to an insurer which had refused to defend except

upon a reservation of rights but which claimed collusion between its potential insured and the plaintiff (*Corridan* v. *Rose*, 137 Cal.App.2d 524 [290 P.2d 939]); to one whose secondary or derivative liability would depend upon the outcome of the litigation (*Muller* v. *Robinson*, 193 Cal.App.2d 835 [14 Cal.Rptr. 693]); to a potential (but not yet actual) subrogee (*Hausmann* v. *Farmers Ins. Exchange*, 213 Cal.App.2d 611 [29 Cal.Rptr. 75]); and to innumerable lawyers seeking to intervene to protect their right to fees. (See for example *Meadow* v. *Superior Court*, 59 Cal.2d 610 [30 Cal.Rptr. 824, 381 P.2d 648].)

The cases cited by appellant for the proposition that the principle of the *Horn* and *Isaacs* decisions is no longer the law of California are not here apposite. They represent situations where intervention is permitted as a convenient means of resolving conflicting claims to title of property under attachment (*Berghauser* v. *Golden State Orchards*, 208 Cal 550 [282 P. 950]; *Kimball* v. *Richardson-Kimball Co.*, 111 Cal. 386 [43 P. 1111]); where a surety on a bond issued in a proceeding is permitted to intervene to protect its position when its principal abandons the action (*Johnson* v. *Hayes Cal. Builders, Inc.*, 60 Cal.2d 572 [35 Cal.Rptr. 618, 387 P.2d 394])[2]; where stockholders of a corporation are permitted to act to protect their interests when the corporation abandons their positions (*Eggers* v. *National Radio Co.* (1929) 208 Cal. 308 [281 P. 58]; *Waymire* v. *San Francisco & San Mateo Ry. Co.*, 112 Cal. 646 [44 P. 1086]; *Thorman* v. *Dome Producing etc. Co.*, 50 Cal.App.2d 201 [122 P.2d 927]); where an heir at law intervenes in a will contest (*Voyce* v. *Superior Court*, 20 Cal.2d 479 [127 P.2d 536]); or where the federal government was permitted entry to an action to protect its statutory fiscal policy (*County of San Bernardino* v. *Harsh Cal. Corp.*, 52 Cal.2d 341 [340 P.2d 617]).

 In all of the cases relied upon by appellant, the intervener was in a position where the judgment in the action would of itself add to or detract from his rights. None of those cases involves an attempted intervention by a person whose possibility of benefit or harm from the judgment could become a reality only if rights and duties not involved in the particular litigation nor in privity with it were determined in a separate action. A creditor of a party to the litigation has

---

[2]*Johnson* cites *Corridan* v. *Rose*, 137 Cal.App.2d 524 [290 P.2d 939] with approval.

only that attenuated and hence indirect interest in its result.[3]

Appellants also argue in their briefs that they should be permitted to intervene because of: (1) the potential insolvency of Olson, and (2) his abandonment of the action. We do not reach a discussion of the law applicable to these contentions. As to the first, appellant made no factual showing in support of his motion. It was his burden to establish his right to intervene (*Hausmann* v. *Farmers Ins. Exchange, supra,* 213 Cal.App.2d 611, 615) and that burden is not met where, as here, the only allegations with respect to the factual issue in question are on information and belief. Appellants' contention that Olson abandoned his action was not raised in the trial court by argument or factual presentation. It is, therefore, not properly a subject to be considered on this appeal.

We conclude that the trial court properly denied appellants' motion to intervene. We reach this conclusion by reason of appellants' failure to establish the requisite interest in the action or its outcome and, therefore, without consideration of respondent's argument that appellants' attempted intervention was not timely.

### Effect of Appeal from Denial of Motion to Intervene.

Appellants asserted in their motion for continuance in the trial court that their appeal from the order denying their motion to intervene ousted the court of jurisdiction to proceed with the action by reason of the provisions of section 946 of the Code of Civil Procedure.[4] Precisely such a contention was considered and rejected in *Lindsay Strathmore Irr. Dist.* v. *Superior Court,* 121 Cal.App. 606 [9 P.2d 579]. Appellants in effect ask that we overrule that decision. We see no reason to take such a drastic step. The pertinent wording of the governing statutory law remains unchanged since *Lindsay Strathmore,* and nothing in the Supreme Court cases decided since

---

[3]The validity of the bar to intervention of one who must establish his right in a separate lawsuit is illustrated by appellants' argument here that the preliminary injunction issued in an action to which Hopkins was not a party in some way affects Hopkins' rights in the instant case. If we were to accept that contention, we would per se be forced to the conclusion that Hopkins had a right of intervention in the suit between Olson and appellants in which the provisional remedy was granted. The end result would be a rule that permitted intervention of all of a party's creditors in all suits brought by or against him—a proposition that would multiply issues before the trial court without limitation.

[4]"Whenever an appeal is perfected . . . it stays all further proceedings in the court below upon the judgment or order appealed from, or upon matters embraced therein. . . ."

that time and reviewed by us casts doubt upon the rationale of that decision.

To the contrary, it has been held in *Hayes* v. *Pierce*, 15 Cal.2d 662 [104 P.2d 499] that an appeal from an order striking a cross-complaint does not divest the trial court of jurisdiction to hear the issues raised by the complaint and answer. The Supreme Court in *Hayes* emphasizes the discretion of the trial court to postpone the trial of issues raised by a cross-complaint, an emphasis which we view as significant in light of the discretion possessed by the trial court in matters of intervention. (*Hausmann* v. *Farmers Ins. Exchange, supra,* 213 Cal.App.2d 611, 616.)

We conclude, therefore, that the resolution of the issue here is governed by *Lindsay Strathmore Irr. Dist.* v. *Superior Court, supra,* and reach the same result as did the trial court.

### Denial of Motion to Vacate Judgment.

Appellants' notice of motion to vacate in the trial court stated as its grounds: (1) a lack of jurisdiction in the trial court by reason of the pending appeal from its order denying appellants' intervention; (2) a lack of evidence to support findings of fact 6, 7, and 17; and (3) errors in conclusions of law 2, 3, 4, and 5 because those conclusions were based on those allegedly erroneous findings. Respondent resists these contentions and in addition argues that appellants were without standing to move to vacate the judgment in the trial court and are not parties aggrieved for the purposes of this appeal. While we have substantial doubts concerning appellants' standing before the trial court, we do not reach the questions of law so raised. Rather, we first consider and reject the appellants' contentions of error in the proceedings as stated in their motion.

We have in an earlier portion of this opinion discussed and rejected appellants' arguments with respect to a lack of jurisdiction of the trial court to proceed in the face of appellants' first notice of appeal. Appellants' remaining assignments of error with respect to the findings of fact and conclusions of law of the trial court distill to the contention that there is no substantial evidence to support an oral agreement between Olson and Hopkins for a joint venture with respect to certain real property by the terms of which Hopkins was to provide all the capital and was to be repaid her entire capital contribution before any amounts were to be credited to Olson's

account.[5] Suffice for our purposes Arthur W. Simpliner so testified and it is not our function to substitute our judgment for that of the trial court with respect to the veracity of that testimony. (*Crawford* v. *Southern Pac. Co.*, 3 Cal.2d 427 [45 P.2d 183].)

Since we have concluded that the terms of the joint venture agreement were as contended by Hopkins, it follows that Olson's position in the venture was one of deficit because of his withdrawals in excess of his zero capital account. This result supports the disputed findings of fact and conclusions of law.

The orders and judgment are affirmed.

Wood, P. J., and Lillie, J., concurred.

---

[5]We do not consider appellants' arguments with respect to inadequacy of evidence to support the money judgment with respect to the independent "Florida transaction." If the judgment of the trial court is correct with respect to the nature of the partnership agreement, there is no question but that Olson's interest in the partnership had become valueless and that he owed it a substantial sum. Reversal of that portion of the trial court's judgment which grants Hopkins an additional money judgment based upon her cross-complaint with respect to the "Florida transaction" would not reinstate Olson's interest in the partnership real property and hence would not affect in any way appellants' claim of a right to reach that interest in the instant case. Appellants, therefore, are not parties aggrieved by that portion of the judgment.