[Civ. No. 37028. First Dist., Div. One. Mar. 17, 1976.]

FIREMAN'S FUND INSURANCE COMPANY,
Plaintiff and Respondent, v.
GARY C. GERLACH, Defendant;
AFFILIATED VENDORS, INC., Intervener and Appellant.

**COUNSEL**

Hoge, Fenton, Jones & Appel and H. R. Lloyd, Jr., for Intervener and Appellant.

Cooley, Godward, Castro, Huddleson & Tatum, Paul A. Renne and John B. Bates, Jr., for Plaintiff and Respondent.

No appearance for Defendant.

## OPINION

**ELKINGTON, J.**—The instant appeal is taken by Affiliated Vendors, Inc. ("Affiliated Vendors") from an order denying leave to intervene in an action commenced by Fireman's Fund Insurance Company ("Fireman's Fund") against defendant Gerlach, who did business under the name of Golden State Vending Service Inc.

The facts are undisputed.

Affiliated Vendors sold vending machines to Gerlach who stored them in a building which, with its contents, was covered by a fire insurance policy written by Fireman's Fund. Thereafter, at a time when the vending machines had not been paid for, a fire broke out in the building causing destruction to some, and damage to other, of the machines. Gerlach promptly made claim against Fireman's Fund for the loss. The claim was followed by the instant action in which the insurance company, alleging that Gerlach had himself started the fire, sought a judicial declaration that it was not liable for any part of the loss. Although served with summons and complaint in the action, Gerlach did not appear therein, and his default was taken. Judgment, however, has not been entered on the default.

In another action Affiliated Vendors has obtained judgment against Gerlach and the corporation under which he did business for $84,998, the unpaid purchase price of the machines. Both of those parties were and are judgment proof and without assets, and the judgment is wholly unsatisfied. There is no reasonable probability that the judgment can be satisfied from any source, unless it shall be determined that Gerlach is entitled to recover on Fireman's Fund's policy.

While this state of affairs existed Affiliated Vendors, alleging in substance the facts we have related, petitioned the superior court for leave to intervene in Fireman's Fund's action. It sought thereby only that the company, instead of being allowed a default judgment, be put to its proof that Gerlach was responsible for the subject fire. Upon failure of such proof, and a judgment declaring the company liable on the policy, Affiliated Vendors' purpose would be to satisfy its judgment against the policy's benefits which would otherwise be due Gerlach and his corporation.

Concluding that Affiliated Vendors had "a consequential interest, rather than a direct interest, in the pending lawsuit," the superior court denied the motion to intervene.

In doing so the court relied upon the rule first stated in *Isaacs v. Jones,* 121 Cal. 257, 261 [53 P. 793, 1101], as follows: "To avail himself of the right given by [Code Civ. Proc., § 387, authorizing intervention] the applicant must have either an interest in the matter in litigation, *or in the success of one of the parties to the action,* or an interest against both of them. *The interest here referred to must be direct and not consequential,* and it must be an interest which is proper to be determined in the action in which the intervention is sought." (Italics added.)

Code of Civil Procedure section 387, alluded to in *Isaacs v. Jones, supra,* tersely creates the right of intervention in this manner: "At any time before trial, any person, who has an interest in the matter in litigation, or in the success of either of the parties, or an interest against both, may intervene in the action or proceeding."

But the point at which one's interest in the success of one of the parties to the action becomes direct, and not consequential, is not easily fixed. It has been the subject of much judicial discussion. ■ While it has been said that the pertinent statute (Code Civ. Proc., § 387) should be liberally construed to permit intervention (see *Stillwell Hotel Co.* v. *Anderson,* 16 Cal.App.2d 636, 639 [61 P.2d 71]), the true rule seems better expressed by Mr. Witkin, as follows: "[L]iberal rules of intervention may interfere with the right of existing parties to pursue their litigation separately rather than to join with others. The test of intervention, therefore, cannot be as loose as that governing permissive joinder. It seems equally clear that it cannot be as strict as the indispensable party rule, for this would preclude any intervention except by parties without whom the court could not proceed. Intervention, then, must be allowed by a test within these two extremes, so that not only indispensable parties, but some necessary or proper parties, may be permitted to come in." (3 Witkin, Cal. Procedure (2d ed. 1971) Pleading, § 196, pp. 1869-1870; and see authority there collected.)

■ Whether in a particular case intervention should be allowed "is best determined by a consideration of the facts of that case" (*Isaacs v. Jones, supra,* 121 Cal. 257, 261), and the decision is ordinarily left to the sound discretion of the trial court (*Beshara* v. *Goldberg,* 221 Cal.App.2d 392, 396 [34 Cal.Rptr. 501]; *Hausmann* v. *Farmers Ins. Exchange,* 213 Cal.App.2d 611, 616 [29 Cal.Rptr. 75].)

Several principles should govern the exercise of that discretion. The proposed intervener's " 'interest in the matter in litigation . . . must be of such a direct and immediate character that [he] will either gain or lose by the direct legal operation and effect of the judgment.' " (*Jersey Maid Milk Products Co.* v. *Brock,* 13 Cal.2d 661, 663 [91 P.2d 599]; and see *People* ex rel. *Public Util. Com.* v. *Ryerson,* 241 Cal.App.2d 115, 119 [50 Cal.Rptr. 246]; *In re Mercantile Guaranty Co.,* 238 Cal.App.2d 426, 434 [48 Cal.Rptr. 589, 19 A.L.R.3d 1267].) The issues of the action may not be enlarged by the proposed intervention. (*Muller* v. *Robinson,* 174 Cal.App.2d 511, 515 [345 P.2d 25]; *LePleux (Py)* v. *Applegate,* 164 Cal.App.2d 9, 11 [330 P.2d 65].) And, all important, the intervention must be denied if the reasons therefor "are outweighed by the rights of the original parties to conduct their lawsuit on their own terms." (*County of San Bernardino* v. *Harsh California Corp.,* 52 Cal.2d 341, 346 [340 P.2d 617]; *People* v. *City of Long Beach,* 183 Cal.App.2d 271, 275 [6 Cal.Rptr. 658].)

Fireman's Fund relies heavily on the rule that the interest of the person seeking to intervene must be "of a direct and immediate character greater than that possessed by a simple creditor of a party." (*Olson* v. *Hopkins,* 269 Cal.App.2d 638, 641 [75 Cal.Rptr. 33]; see also *Baines* v. *West Coast Lumber Co.,* 104 Cal. 1, 7 [37 P. 767].)

Here of course Affiliated Vendors, the proposed intervener, is a creditor of one of the parties, Gerlach. We inquire whether its interest in the instant litigation is of a direct and immediate character greater than that possessed by a simple creditor. It is first observed that Affiliated Vendors' only possibility of satisfying its judgment against Gerlach depends upon the latter's success in the lawsuit. While ordinarily a debtor who has a claim for money against another in a pending action may be expected to make reasonable efforts to enforce his claim, here Gerlach has defaulted. And while ordinarily intervention by a party's creditor would frustrate the original parties' purpose to "conduct their lawsuit on their own terms," here Affiliated Vendors seeks only to prevent Fireman's Fund from obtaining cancelation of the insurance policy on its own unilateral terms.

We find two cases of the Supreme Court of this state where creditors of a party to an action were deemed something more than "simple creditors" and were permitted to intervene. In *Boskowitz* v. *Thompson,* 144 Cal. 724 [78 P. 290], an incorporated irrigation district levied an assessment upon land in the district for the purpose of creating a fund

with which to pay current interest on its outstanding bonds. Affected landowners, who had not met the assessment, commenced an action to enjoin the district from exercising its statutory right to sell their land under the assessment's liens. Although regardless of the action's outcome, the district would remain obligated to meet its interest obligations, certain bondholders were permitted to intervene and join the district in the defense of the action. The intervention was found proper by the high court. *Belt Casualty Co.* v. *Furman,* 218 Cal. 359 [23 P.2d 293], concerned an insurance company's action to rescind its policy for noncooperation of the insured, where judgment had been entered against him following an automobile accident. The personal injury judgment creditors, who hoped to satisfy their judgment through the insurance company's policy, were found to have properly intervened in the rescission action. It is notable that in each of these cases the judgment creditor's intervention was found proper even though, *unlike the case at bench,* the judgment debtor appears to have been actively participating in the subject action.

In the instant action the refusal of Gerlach to defend against Fireman's Fund's action must reasonably be deemed bad faith in relation to Affiliated Vendors. On this point the court in the recent case of *Continental Vinyl Products Corp.* v. *Mead Corp.,* 27 Cal.App.3d 543, 551-552 [103 Cal.Rptr. 806], has spoken eloquently: "*What would otherwise be a consequential interest not justifying intervention may become a direct interest permitting it when bad faith of a party to the litigation,* the assertion by all parties to the litigation of claims adverse to the party seeking to intervene, collusion, impossibility of asserting a position that should be presented in the litigation, *or similar circumstances render strict definition of direct interest likely to result in injustice.* Thus, the United States was permitted to intervene in an action involving the imposition of local taxes where otherwise it would have been impossible for anyone to assert the fiscal policy of the federal government involved in a federal statute at the heart of the litigation. (*County of San Bernardino* v. *Harsh California Corp.,* 52 Cal.2d 341, 346 [340 P.2d 617].) The interest of shareholders justifies intervention in an action against a corporation if its officers and directors fail to exercise good faith in defending an action against it. (*Shively* v. *Eureka etc. Mining Co.,* 129 Cal. 293 [61 P. 939].) A limited partner can intervene in a suit against his partnership where the general partner refuses to defend in good faith. (*Linder* v. *Vogue Investments, Inc.,* 239 Cal.App.2d 338 [48 Cal.Rptr. 633].) The state may intervene in an action to dissolve a corporation to protect the interest of shareholders not available to assert their interests where those interests may escheat. (*In re Mercantile Guaranty Co.,* 238

Cal.App.2d 426 [48 Cal.Rptr. 589, 19 A.L.R.3d 1267].) The equitable-beneficial owner of property may intervene in an action in which the trustee-legal owner refuses to defend his title or claims adversely to the beneficiary. (*Coffey* v. *Greenfield,* 55 Cal. 382; *Elms* v. *Elms,* 4 Cal.2d 681 [52 P.2d 223, 102 A.L.R. 811].) A surety on a bond guaranteeing a party's performance may intervene where the party has abandoned the defense of a lawsuit or does not intend to pursue the defense in good faith. (*Johnson* v. *Hayes Cal Builders, Inc.,* 60 Cal.2d 572 [35 Cal.Rptr. 618, 387 P.2d 394]; *Coburn* v. *Smart,* 53 Cal. 742.)" (Italics added.)

Further, Affiliated Vendors has demonstrated a high probability that it "will either gain or lose by the direct legal operation and effect of the judgment," to be entered in the action. (See *Jersey Maid Milk Products Co.* v. *Brock, supra,* 13 Cal.2d 661; *People* ex rel. *Public Util. Com.* v. *Ryerson, supra,* 241 Cal.App.2d 115.) And it is patent that the issues of the action will not be enlarged by the proposed intervention. (See *Muller* v. *Robinson, supra,* 174 Cal.App.2d 511; *In re Mercantile Guaranty Co., supra,* 238 Cal.App.2d 426.)

On the uncontradicted evidence of the case, and from a review of the above-mentioned legal considerations, we are impelled to the conclusion that Affiliated Vendors had more than a "consequential interest" in the outcome of Fireman's Fund's action, and that it had otherwise established its right to intervene. Under such circumstances, since "the discretion of the trial court could be legally exercised in only one way" (see *Pacific Indem. Co.* v. *Superior Court,* 246 Cal.App.2d 63, 72 [54 Cal.Rptr. 470]), the motion of Affiliated Vendors to intervene was erroneously denied.

The conclusion we have reached renders it unnecessary to consider other points raised by the parties.

For the reasons stated the order denying the motion of Affiliated Vendors, Inc. to intervene is reversed.

Molinari, P. J., and Weinberger, J.,* concurred.

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.