[Civ. No. 10876. Second Appellate District, Division One.—October 1, 1936.]

STILLWELL HOTEL CO. (a Corporation), Plaintiff, v. WILLIAM H. ANDERSON et al., Defendants; BUSINESS DISTRICT DEVELOPMENT COMPANY, INC., Appellant; WILLIAM H. ANDERSON, Respondent.

E. T. Grua for Appellant.

LeRoy M. Edwards and O. C. Sattinger for Respondent.

DESMOND, J., *pro tem.*—Business District Development Company, Inc., appeals from an order of the superior court denying its motion to intervene in an action which was filed July 21, 1933, in the Superior Court of Los Angeles County. The defendants therein named are William H. Anderson, also known as Wm. H. Anderson, and Business District Development Company, a corporation. It will be

noted that Business District Development Company, as a defendant, has the suffix "a corporation", and as appellant here, the suffix "Inc.", but the two names describe the one organization, as appears from the allegations of the proposed complaint in intervention. It will be hereinafter referred to as the Development Company.

The suit was filed by Stillwell Hotel Company, a corporation, lessee of property at one time owned by the Development Company, upon which a large hotel had been constructed with funds raised by means of a first mortgage bond issue in the sum of $600,000. Default arose in the payment of principal and interest and foreclosure took place, with the result that the lessee was ousted from possession of the premises on December 8, 1932. The lease had been written in 1926 for a term of thirty years, and for the loss resulting from the premature termination of the lease and disposition of the furnishings therein at a sacrifice price, the plaintiff sought damages in the sum of $200,000. Title to the property, subject to the lien for $600,000 created by the bond issue, had passed on December 20, 1930, to Anderson upon his foreclosing a junior lien in the sum of $100,000, which in 1928 he had received from the successor in interest of the Development Company. The lease had been signed by Citizens Trust & Savings Bank, as lessor, acting as trustee for the Development Company, and when Anderson became the owner of the fee, the trustee assigned the lease to him on January 2, 1931, at which time he agreed in writing "to be bound as Lessor by all the obligations thereof". The Development Company had agreed in writing on October 20, 1926, the day its trustee signed as lessor to Stillwell Hotel Company, "to be bound by and to carry out and perform and to guarantee the faithful performance of each and all of the terms, covenants and conditions contained in said lease to be kept and performed by the Lessor". One of the conditions was the agreement by the lessor "not to permit any default to occur in the mortgage or trust deed securing said original bonded indebtedness". The lease was made binding by its terms not only upon the parties "but upon each and every one of the heirs, executors, administrators, successors, assigns and legal representatives of the respective parties hereto".

The complaint, setting out the above facts as the basis of the lessee's action, was served first upon the defendant Anderson. He filed a general demurrer which was sustained, and an order was made on September 25, 1933, dismissing the action as to him. Thereafter, on October 4, 1933, summons was served on the Development Company which claims to have given notice thereof to Anderson and to have invited him to join in the defense. This he did not do, and on June 7, 1934, a default judgment was rendered against the Development Company in the sum of $101,000, upon which on July 30, 1934, it paid to the plaintiff the sum of $5,000. Meanwhile, after judgment of dismissal had been entered upon Anderson's demurrer being sustained, an appeal had been prosecuted by the plaintiff resulting in a reversal of that judgment (*Stillwell Hotel Co.* v. *Anderson,* 4 Cal. (2d) 463 [50 Pac. (2d) 441]), on October 17, 1935. On December 28, 1935, Anderson filed his answer and the case is now at issue between him and Stillwell Hotel Company. Shortly before this answer was entered, the Development Company filed its motion to intervene, and the order denying the motion was made on January 7, 1936.

The appeal from this order is grounded upon section 387, Code of Civil Procedure, the Development Company claiming that its motion was made under circumstances justifying its appearance now as an intervener in a case in which it was formerly a defendant. In other words, the claim is that the Development Company is a "third person" within the meaning of the second sentence of section 387, Code of Civil Procedure, which provides "An intervention takes place when a third person is permitted to become a party to an action or proceedings between other persons," etc. In deciding adversely upon this claim, we consider that the statute was enacted to enable anyone having an interest in a subject of litigation to interject himself in the case in timely season to protect his rights. In the instant case, the Development Company was not put to the necessity of making itself a party to this action; it was such by the action of the plaintiff on the very day the suit was filed, and later, after service of summons, had the opportunity extending over a period of several months to file an answer, cross-complaint or such

other pleading as might serve its needs and secure its rights. Believing, as we do, that the statute should be liberally construed, we still do not feel that it was intended to permit intervention by one of the parties to an action *after* trial and judgment against such party. Section 387, Code of Civil Procedure, by its opening words provides "At any time *before* trial any person . . . may intervene." And in this case there has been a trial as to a corporation which was an original party to the action. While counsel for appellant has cited us to numerous cases where decisions of trial courts refusing to permit intervention have been set aside, we have not come across a situation similar to that here presented. We are impressed with the language of Mr. Justice Day of the United States Supreme Court in *Rocca* v. *Thompson,* 223 U. S. 317 [32 Sup. Ct. 207, 56 L. Ed. 453] (a hearing upon questions arising in *Estate of Ghio,* 157 Cal. 552 [108 Pac. 516, 137 Am. St. Rep. 145, 37 L. R. A. (N. S.) 549].) There the learned justice discourses upon intervention, its derivation and accepted meanings, and says:

" . . . whether we look to the English ecclesiastical law, the civil law, from which the Argentine law is derived, or the common law, the meaning is the same.

" 'In English ecclesiastical law.—The proceeding of a third person, who, *not being originally a party to the suit or proceeding,* but claiming an interest in the subject-matter in dispute, in order the better to protect such interest, interposes his claim. (2 Chitty, Pr. 492; 3 Chitty, Commercial Law, 633; *Dalrymple* v. *Dalrymple,* 2 Hagg. Consist. Rep. 137, 17 Eng. Rul. Cas. 11; *Donegal* v. *Donegal,* 3 Phillim. Ecc. Rep. 586.)

" 'In the civil law.—The act by which a third party demands to be received as a party in a suit pending between other persons.' "

The order is affirmed.

York, Acting P. J., and Doran, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on October 23, 1936, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 30, 1936.