381 P.2d 208

**C. A. TEVIS, Plaintiff-Appellant,**

v.

**H. L. McCRARY, Defendant-Appellee.**

No. 7200.

Supreme Court of New Mexico.

April 29, 1963.

Jay Morgan, Portales, Dan Buzzard, Clovis, for appellant.

Mears, Mears & Boone, Portales, for appellee.

NOBLE, Justice.

Plaintiff brought an action to recover for damages to his domestic water well alleged to have been caused by the drilling and pumping of a nearby irrigation well by defendant. It was alleged that defendant's acts reduced the flow in plaintiff's well, and caused it to become contaminated with salt or other mineral substance. The allegations were generally denied by answer. The complaint was dismissed upon an oral motion by defendant following an admission of facts by plaintiff which appears only in the following statement by the trial court:

"THE COURT: It has been conceded by the plaintiff in this case that the defendant complied with the statutes of the State of New Mexico in making application for permission to drill the irrigation well, specifically, that notice was given in the manner and form as required by law [and] that at no time was a protest filed by the plaintiff or

hearing requested before the State Engineer which presents the problem now of whether or not a property owner may for the first time complain in a court of law without having availed himself of the rights conferred by statute of a hearing before the State Engineer * * *."

The order of dismissal reads:

"This matter coming on for hearing upon defendant's oral motion to dismiss upon the grounds that plaintiff has failed to avail himself of or exhaust his administrative remedies, as provided by the laws of this state, and that his complaint does not state a cause of action upon which relief can be granted, and the court, after hearing argument of counsel for both parties and being fully and sufficiently advised in the premises finds that said motion should be sustained as to the first ground presented.

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the Court that plaintiff's Complaint be and the same is hereby dismissed for the reason that he has failed to avail himself or [of] or exhaust his administrative remedies as provided by law."

The sole question presented, therefore, is whether a water right owner is restricted to a hearing before the state engineer and an appeal therefrom as his exclusive remedy against impairment of his right by another.

It is clear that the complaint was erroneously dismissed unless plaintiff has no legal right to seek protection of or redress for impairment of his water rights by another unless he has first exhausted all administrative procedures available to him.

 Respondent argues that the right to protest provided by § 75–11–3, N.M.S.A. 1953, and the appeal from the state engineer's decision authorized by § 75–11–10, N.M.S.A.1953, is the exclusive remedy afforded the owner of one claiming impairment of his existing prior right from the same source. We cannot agree. It is true that the statutory manner of acquiring rights in public waters is exclusive, State ex rel. Reynolds v. King, 63 N.M. 425, 321 P.2d 200. While the legislature has permitted the holder of an existing right to protest the granting of a permit to an applicant, the statute does not require him to protest before the state engineer. A literal reading of § 75–11–10, N.M.S.A.1953, providing that the decision of the state engineer shall be final in all cases unless appealed within thirty days would lead one to the conclusion that the state engineer's administrative determination that granting the application will not impair existing rights is final and conclusive. Section 75–11–3, N.M.S.A. 1953, prohibits issuance of any water right permit until the engineer has determined that existing rights will not be impaired. That statute, however, by making every permit "subject to the rights of all prior appro-

**136**

priators from said source" negatives any intention on the part of the legislature that the holder of prior rights is required to submit his protest to an administrative hearing before the state engineer.

We held in Templeton v. Pecos Valley Artesian Conservancy Dist., 65 N.M. 59, 332 P.2d 465, that failure to protest the granting of a permit was not an abandonment of a prior water right and that the parties were not estopped from asserting the right to their appropriation. In addition, the state engineer has no authority to adjudicate water rights. Public Service Co. v. Reynolds, 68 N.M. 54, 358 P.2d 621. The determination of priority of water rights and whether a junior appropriation does in fact impair a prior existing right is a judicial function, not administrative.

We find no merit to appellee's contention that the complaint fails to state a cause of action. None of the cases cited in support of the contention are from states applying the doctrine of prior appropriation and application to beneficial use as the measure of a water right.

The case will be reversed with instructions to vacate the order of dismissal; to reinstate the cause on the docket; and to proceed in a manner not inconsistent with what has been said.

It is so ordered.

COMPTON, C. J., and CARMODY, J., concur.