Joseph Liff, J.
The plaintiffs are the owners of residences in Hicksville, in the Town of Oyster Bay, in this county. They bring this action against the Board of Commissioners of the Hicksville Water District and the Town Boards of Oyster Bay and Hempstead to enjoin the water district from completing the construction of a water tank, or alternatively, to recover damages measured by the reduced value of their homes caused by the erection of the facility. When the motion was heard the water tank had already been fully erected. This prompted the plaintiffs, in the papers submitted by them in opposing this motion, to withdraw that portion of the prayer for relief which sought an injunction.
The defendants move to dismiss the complaint on the ground that there is a prior action pending; that a prior determination by this court is res judicata; and that the complaint fails to state a cause of action. The genesis for the first two points raised by the defendants is a prior article 78 proceeding in *342 which a judgment was rendered dismissing the petition on the ground that the proceeding was barred by the short Statute of Limitations (CPLR 217, or Town Law, § 195, subd. 2). An appeal from that judgment to the Appellate Division apparently is pending. However, this court finds it unnecessary to consider either of these facets of the motion for the reason that the court has arrived at the conclusion that the complaint must be dismissed because it fails to state a cause of action.
The water district erected the tank on land owned by it. None of the land was taken from any one of the plaintiffs. Plaintiffs complain that although proper procedures were taken the notice of hearing which was given was insufficient to bring to their attention the knowledge of the proposed public improvement. They assert that the existence of the tank will reduce the market values of their properties. They complain that because of the failure to give adequate notice the acts of the defendants have deprived them of property without due process of law and in violation of the Constitutions of the United States and of the State of New York.
For support of their arguments, the plaintiffs rely on the decision of the United States Supreme Court in Schroeder v. City of New York (371 U. S. 208). Madeline C. Schroeder owned property bordering on the Never sink River in Orange County, New York. The City of New York sought to divert a portion of the river and proceeded under the Water Supply Act which described the method to be followed by the New York Board of Water Supply in condemning land, easements, etc. That act required that notice of the proceeding be given to affected landowners. It also provided that claims for damages resulting from the city’s acquisition would be barred after three years (Schroeder v. City of New York, supra, pp. 210, 211). The statute provided that notice should be given by publication in two newspapers in the county in which the real estate was located and by posting along a stretch of the river.
The plaintiff, Schroeder, having failed to file a claim for damages within the three-year period, nevertheless brought the action to recover damages claiming that she had not been given adequate notice and that thus she had been deprived of her property without due process of law. The United States Supreme Court held that the notice as given by the New York Board of Water Supply did not meet the quality of notice which is required by the Due Process Clause of the Fourteenth Amendment and that the appellant Schroeder had a right to be heard on a claim for compensation for damages resulting from the diversion.
*343 In this action the court does not reach a consideration of the question of notice and the determination in the Schroeder case is not applicable here, the reason being that the plaintiffs have failed to state a cause of action since they have not been deprived of property, which circumstance would be necessary to the maintenance of the action even as it was in the Schroeder case. It may be conceded that the water tank is an unpleasant intruder. However, assuming arguendo that they did not receive adequate notice, since no property was taken from them they have no cause of action.
Our State Constitution provides that private property shall not be taken for public use without just compensation (N. Y. Const., art. I, § 7). The plaintiffs have not been deprived of property within the meaning of that provision as it has been construed by the courts. Damages cannot be recovered because of the unsightly character of a structure (Matter of New York El. R. R. Co., 36 Hun 427) and aesthetic considerations are not compensable (Grossinger Realty Corp. v. State of New York, 34 Misc 2d 214) in the absence of a legislative provision.
It might be well to examine a few statements made by the authorities on this subject. In Matter of the City of N. Y. (East 5th St.) (1 Misc 2d 977, 982) it was said: “ The remedy for a purely consequential injury resulting from the exercise of the sovereign right of eminent domain ‘ must be that, and that only, which the legislature shall give. It does not exist at common-law ’ (Transportation Co. v. Chicago, 99 U. S. 635, 642).” And in Matter of Gillespie (Delaivare Section, 1-3) (173 Misc. 591, 593) the court said: “ Loss or depreciation arising from mere proximity of the work or improvement, or from its unsightly nature, or its incongruity with the uses to which neighboring property is put, may not be recovered. (See 10 R. C. L. 167; 20 C. J. 674; Lewis, Eminent Domain [3d ed.], § 366, and cases cited.) ”
Where part of an owner’s property is taken, the compensation to be given would include not only the market value of the lands taken, but also the lesser value of that left with the owner and this might include consequential damages even including a change in view (Town of Fallsburgh v. Silverman, 260 App. Div. 532 [3d Dept.] (although this same Department more recently held that damages “ based, on a difference in the view from the premises caused by the rearrangement in the nearby terrain in carrying out the public improvement” could not be recovered [Blair v. State of New York, 19 A D 2d 937]).
As was said by the court in Boynton v. State of New York (28 Misc 2d 12, 13): “ In spite of where our sympathy may lie, *344 it is settled law that when the State undertakes such elaborate improvements as the Thruway is, which are for the benefit of all its people, the inconvenience accruing to the adjoining owners must be considered subordinate to the general good. (Matter of New York City Housing Auth. v. Muller, 270 N. Y. 333, Ann. 105 A. L. R. 911.) ” Under some circumstances, even as in this matter complained of, though the governmental act may impair or diminish the value of private property, the acts are not considered a “taking” and the injuries are generally damnum absque injuria for which compensation may not be had in the absence of trespass or negligence. (Keller v. State of New York, 19 Misc 2d 794; Boynton v. State of New York, supra, p. 13.) The wisdom of this rule is apparent for the line must be drawn somewhere.
In the absence of legislative direction, should a recovery be permitted to an owner from whom no property has been taken yet whose property lies contiguous to the property on which the improvement is erected? Then how remote would property have to be before the owner’s claim would be barred?
The defendants’ motion to dismiss the complaint for the reason that it fails to state facts sufficient to constitute a cause of action, is granted.