GEORGE A. PROBASCO, Appellant, *v.* CITY OF RENO, NEVADA, a Municipal Corporation, Respondent.

No. 5802

October 21, 1969                     459 P.2d 772

*Woodburn, Forman, Wedge, Blakey, Folsom and Hug,* of Reno, for Appellant.

*Clinton E. Wooster,* Reno City Attorney, and *Roy Lee Torvinen,* of Reno, for Respondent.

# OPINION

By the Court, THOMPSON, J.:

This case is the sequel to City of Reno v. District Court, 84 Nev. 322, 440 P.2d 395 (1968), wherein we mandated dismissal of the City's abandoned condemnation action against the property owner Probasco, but ordered retention of Probasco's counterclaim for independent adjudication. The merit of his counterclaim was not there considered. The issue raised thereby was later tried to a jury, relief denied, and from the judgment entered upon jury verdict, Probasco has appealed to this court.

The dispositive appellate question is whether an abutting property owner possesses a right to compensation for interference with his claimed implied negative easement of light, air and view by an overpass placed on a street in circumstances where none of the owner's real property is taken. Nevada has not ruled on this question. We now declare that a right to compensation does not exist in these circumstances and affirm the judgment entered below.

1. For eminent domain purposes there is a difference in treatment between positive easements such as rights of passage and use, restrictive covenants, and the implied negative easements of light, air and view.[1] The extinguishment of a positive easement by public acquisition gives rise to compensation. The leading case, United States v. Welch, 217 U.S. 333 (1910), established the right to compensation under the Fifth Amendment to the United States Constitution and has served as a guide to state court decisions. In Nevada, such an easement is expressly subject to condemnation for public use (NRS 37.020), and compensable. Similarly, we have ruled that the extinguishment of a restrictive covenant by public authority for public use is compensable (Meredith v. Washoe County

---

[1] A positive easement indicates the affirmative use of land. A negative easement connotes the power to restrict another's use of land. 5 Rest. Prop. §§ 451–52 (1944); 2 American Law of Property §§ 8.11–12 (Casner ed. 1952).

School District, 84 Nev. 15, 435 P.2d 750 (1968)), since such a covenant is in large measure identical with the express grant of a positive easement. Each normally is created by a legal instrument. The recording of a deed of a positive easement makes it binding upon all subsequent owners of the servient estate in favor of the owners of the dominant estate; and the recordation of restrictions imposes upon all subsequent owners the burden of compliance that is enforceable by the other landowners in the subdivision. Additionally, as pointed out in Meredith, supra, the identity of landowners who may have a compensable right can readily be ascertained from the public records. We are now urged to treat the claimed implied negative easement of light, air and view in similar fashion. Indeed, it is contended that we are compelled to do so by virtue of Nev. Const. art. 1, sec. 8, providing "nor shall private property be taken for public use without just compensation having been first made . . ." and, more particularly, because of NRS 37.110(3) which commands the assessment of damages "If the property, though no part thereof is taken, will be damaged by the construction of the proposed improvement. . . ." Our attention is directed to the fact that the wording of NRS 37.110(3) was the main predicate for our decision in Meredith v. Washoe County School District, supra, a case in which none of the defendant's land was condemned.

2.   As we see it, the fallacy of this argument is the underlying assumption that there exists in Nevada the doctrine of implied negative easements. As heretofore noted, the easement for which compensation is claimed in this case is the implied easement of light, air and view. We are not here concerned with a negative easement of light, air and view created by express covenant. Nevada has expressly repudiated the doctrine of implied negative easement of light, air and view for the purpose of a private suit by one landowner against a neighbor. Boyd v. McDonald, 81 Nev. 642, 408 P.2d 717 (1965).[2] We now expressly repudiate the doctrine of implied negative easements in the context of eminent domain. People v. Symons, 357 P.2d 451 (Cal. 1960), (denying compensation where there had been no actual taking or severance of the claimants' property); Bowden v. City of Jacksonville, 42 So. 394 (Fla.

---

[2]The case of Teacher Bldg. Co. v. Las Vegas, 68 Nev. 307, 232 P.2d 119 (1951), contains some language about the easement of light, air and view. However, that subject was not an issue in that case, and the dictum must be disregarded in view of the precise holding in the later decision of Boyd v. McDonald, supra.

1906). Neither constitution nor statute contemplates compensation for that which does not exist.

Not every depreciation in the value of property not taken can be made the basis of an award of damages. There is no right to compensation for damages resulting from reasonable zoning regulations, or by reason of the diversion of traffic away from one's property. Rose v. State of California, 123 P.2d 505 (Cal. 1942). The infringement upon an abutting owner's light, air and view over a public highway should be similarly regarded unless such owner has acquired a right to light, air and view by express covenant.

Affirmed.

COLLINS, C. J., ZENOFF, BATJER, and MOWBRAY, JJ., concur.