(Nos. 45199, 45216 cons.—

THE PEOPLE *ex rel.* JACK HOOGASIAN, State's Attorney, *et al.,* Appellants, v. SEARS, ROEBUCK AND CO., Appellee.—ALBERT J. SMITH *et al.,* Appellants, v. SAME APPELLEE.

*Opinion filed September 20, 1972.*

GOLDENHERSH, J., took no part.

JACK HOOGASIAN, State's Attorney, of Waukegan (JULIUS ABLER, Assistant State's Attorney, of counsel), for appellants.

ARNSTEIN, GLUCK, WEITZENFELD & MINOW

(BURTON Y. WEITZENFELD, LOUIS A. LEHR, JR. and JOSEPH A. GIN SBURG, of counsel), for appellee.

ROSS, HARDIES, O'KEEFE, BABCOCK & PARSONS, of Chicago (FREDERIC O. FLOBERG and DAVID L. CALLIES, of counsel), for appellants.

ARNSTEIN, GLUCK, WEITZENFELD & MINOW (BURTON Y. WEITZENFELD, LOUIS A. LEHR, JR. and JOSEPH A. GINSBURG, of counsel), for appellee.

MR. JUSTICE KLUCZYNSKI delivered the opinion of the court:

In cause 45199, the People of the State of Illinois *ex rel.* Jack Hoogasian and Julius Abler filed suit in the circuit court of Lake County to enjoin defendant from completing construction of its building in the city of Chicago. In cause 45216, the villages of Deerfield, Skokie and Northbrook and certain officials of Deerfield and Skokie, subsequently filed a similar suit in the circuit court of Cook County, charging that when completed the building would constitute a nuisance and that distortion of television reception would depress property values in the areas involved.

Defendant's motion to dismiss the complaint for failure to state a cause of action was granted in the Lake County proceedings and appeal was taken. Thereafter, in the Cook County suit, a similar motion, which additionally averred that the action was now barred by *res judicata* as a result of the judgment of the circuit court of Lake County, was granted. Several plaintiffs in this action have appealed. We assumed jurisdiction of both appeals under Supreme Court Rule 302(b) and consolidated the causes for decision and opinion. On June 30, 1972, we entered an order affirming the judgments of the circuit courts, with

an opinion to follow. We now express our views for such order.

The complaints basically alleged that defendant envisions the construction of a building in the city of Chicago which will reach a height of 110 stories or 1350 feet. At the approximate time of the filing of these actions the construction had progressed to a height of 50 stories. Plaintiffs alleged that if construction was allowed to continue the building would interfere with television reception in certain areas. This interference would occur because the broadcasting antennas of Chicago television stations are lower than the contemplated structure which would cause the signals that emanate from these antennas to abnormally reflect from defendant's building thereby allegedly producing distortions on television screens in these areas.

The principal issue in this case is whether defendant has a legal right to use the air space above its property subject only to legislative limitation, or stated conversely, whether an individual or class of individuals has the right to limit the use of such property on the basis that interference with television reception constitutes an actionable nuisance.

Plaintiffs cite *Shelburne, Inc. v. Crossan Corp. (1923), 95 N.J. Eq. 188, 122 A. 749; Hansen v. Independent School District No. 1 (1939), 61 Idaho 109, 98 P.2d 959;* and *Belmar Drive-In Theatre Co. v. Illinois State Toll Highway Com., 34 Ill.2d 544,* to support their contention, but they contend that there is no authority involving radio or television broadcasting which discusses this precise issue. All aforementioned cases involve light transmitted from one parcel of property which caused interference with the use of another's property. In *Shelburne* and *Hansen* the transmission of light was found to be a nuisance; in *Belmar* the transmission was not considered as such because the plaintiff, in operating a drive-in theatre near a toll highway, had put its property to a hypersensi-

tive use so that lights cast upon its screen from the highway plaza could not be considered a nuisance. However, we do not believe these cases are supportive of plaintiffs' contention, for, in the instant case, defendant's property is not the source of transmission, but rather the property over which a transmission passes.

*Fontainebleau Hotel Corp. v. Forty-Five Twenty-Five, Inc. (Fla. Dist. Ct. App. 1959), 114 So. 2d 357,* more closely parallels the issues involved in this case. There plaintiff sought to enjoin the completion of an addition to defendant's building because, when completed, the structure would have significantly interfered with the light and air on the beach in front of an adjacent hotel. The trial court granted a temporary injunction preventing further construction. The Florida district court of appeals reversed and dismissed the complaint, stating:

> "No American decision has been cited, and independent research has revealed none, in which it has been held that—in the absence of some contractual or statutory obligation—a landowner has a legal right to the free flow of light and air across the adjoining land of his neighbor. ***
>
> "There being, then, no legal right to the free flow of light and air from the adjoining land, it is universally held that where a structure serves a useful and beneficial purpose, it does not give rise to a cause of action, either for damages or for an injunction under the maxim *sic utere tuo ut alienum non laedas,* even though it causes injury to another by cutting off the light and air and interfering with the view that would otherwise be available over adjoining land in its natural state, regardless of the fact that the structure may have been erected partly for spite. [Citations.]
>
> "We see no reason for departing from this universal rule. If, as contended on behalf of plaintiff, public policy demands that a landowner

in the Miami Beach area refrain from constructing buildings on his premises that will cast a shadow on the adjoining premises, an amendment of its comprehensive planning and zoning ordinance, applicable to the public as a whole, is the means by which such purpose should be achieved. (No opinion is expressed here as to the validity of such an ordinance, if one should be enacted pursuant to the requirements of law. [Citation.] ) But to change the universal rule—and the custom followed in this state since its inception—that adjoining landowners have an equal right under the law to build to the line of their respective tracts and to such a height as is desired by them (in the absence, of course, of building restrictions or regulations) amounts, in our opinion, to judicial legislation. As stated in Musumeci v. Leonardo, supra [77 R.I. 255, 75 A. 2d 177] , 'So use your own as not to injure another's property is, indeed, a sound and salutary principle for the promotion of justice, but it may not and should not be applied so as gratuitously to confer upon an adjacent property owner incorporeal rights incidental to his ownership of land which the law does not sanction'." 114 So. 2d 357, at 359-360.

We agree with this rationale, for otherwise one party would have the right to enjoin his neighbor from building a home or any other structure on adjacent property if such building interfered with television reception. In effect we have competing legitimate commercial interests, both of concern to the public. (See: *Richmond Bros., Inc. v. Hagemann (Mass. 1971), 268 N.E. 2d 680.*) The responsibility in this case for inadequate television reception in certain areas rests more with the broadcaster's choice of location than with the height of defendant's building. Therefore disruption of television signals initiated by totally independent third parties over which defendant

has no control cannot be the basis for enjoining the full legal use and enjoyment of defendant's property.

Plaintiffs cite in addition to other cases heretofore discussed, *United States v. Causby (1946), 328 U.S. 256, 90 L.Ed. 1206,* for the proposition that a property owner does not have an unlimited right to the use of all the airspace above his property. In *Causby,* military aircraft approaching a nearby airfield flew at extremely low altitudes over private property. The owner sought damages asserting that his property had been taken without compensation as constitutionally required. The United States Supreme Court, in affirming the owner's right of action, recognized that a property owner could not claim exclusive possession of unlimited airspace above his property. However, it noted that the owner could claim exclusive possession of useable portions of the airspace, at least to the extent that it would not interfere with air traffic. "We have said that the airspace is a public highway. Yet it is obvious that if the landowner is to have full enjoyment of the land, he must have exclusive control of the immediate reaches of the enveloping atmosphere. Otherwise buildings could not be erected, trees could not be planted, and even fences could not be run. The principle is recognized when the law gives a remedy in case over-hanging structures are erected on adjoining land. The landowner owns at least as much of the space above the ground as he can occupy or use in connection with the land." 328 U.S. 256, at 264.

A similar conclusion was reached in the *Richmond* case where plaintiff sought to enjoin construction of a building on adjacent property which would distort its radio transmitter signals. The court noted that the radio station itself, not the one erecting the building, emitted the radio waves and established the activity or condition which resulted in the nuisance. The court concluded: " 'Doubtless, in the absence of controlling police regula-

tion, one may erect a structure upon his land as high as he desires and is able.' " 268 N.E.2d at 682.

Considering the foregoing, it is clear to us that absent legislation to the contrary, defendant has a proprietary right to construct a building to its desired height and that completion of the project would not constitute a nuisance under the circumstances of this case. Accordingly, the judgments of the circuit court of Cook County and of the circuit court of Lake County are affirmed. Other questions raised by plaintiffs which are not necessary to the determination of this matter need not be discussed.

*Judgments affirmed.*

MR. JUSTICE GOLDENHERSH took no part in the consideration or decision of this case.